UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM H. PIPPIN and <br> LOLA JEAN PIPPIN, <br><br> Plaintiffs, <br><br> v. <br><br> HILL-ROM COMPANY, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:08CV263 TIA <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter if before the Court on Plaintiffs' Motion to Preserve Testimony of Dr. Jennifer Scheer by Videotaped Deposition (Docket No. 22) and Motion to Compel Production of Witness for Rule 30(b)(6) Deposition (Docket No. 23).

The Case Management Order agreed to by the parties and entered by this Court on May 15, 2008, established a discovery deadline of September 15, 2008, in this action.

In the Motion to Preserve Testimony of Dr. Jennifer Scheer by Videotaped Deposition, Plaintiffs seek leave after the discovery deadline to take the deposition by videotape of Dr. Jennifer Scheer, identified as a treating and/or family physician and expert witness in their Answers to Interrogatories. On October 7, 2008, counsel's assistant contacted opposing counsel regarding scheduling Dr. Scheer's deposition on October 21, 2008.

In the Motion to Compel Production of Witness for Rule 30(b)(6) Deposition, Plaintiffs request the Court to compel Defendant to produce a corporate designee for deposition. Pursuant to Rule 30(b)(6), when a party seeking to depose a corporation sets forth the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject. Reilly v.

NatWest Market Groups, Inc., 181 F.3d 253, 268 (2d Cir. 1999). Defendant asserts that Plaintiffs' Motion to Compel Production of Witness is untimely as it was filed on October 17, 2008, and the deadline established in the Case Management Order for filing Motions to Compel was eleven days after the close of discovery, which would require the instant motion to have been filed by September 26, 2008. Courts do not enter scheduling orders "merely to create paperwork for the court's staff," but more so, to delineate a specific time frame enabling counsel to ensure "the expeditious and sound management of the preparation of cases for trial." Rice v. Barnes, 201 F.R.D. 539, 551 (M.D. Ala. 2001).

Under Rule 60(b) of the Federal Rules of Civil Procedure, a showing of "excusable neglect" must be demonstrated before the Court can allow a party to complete an act once the deadline has passed. Fed. R. Civ. P. 60(b). Excusable neglect is "good faith and some reasonable basis for noncompliance with the rules." See Ivy v. Kimbrough, 115 F.3d 550, 552 (8th Cir. 1997) (quoting Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996)). The Court finds that Plaintiffs have not demonstrated excusable neglect. Plaintiffs waited until October 7, 2008, to discuss scheduling Dr. Scheer's deposition. Likewise, Plaintiffs not only waited until September 15, 2008, the day of the close of fact discovery, to forward the Notice of Fed.R.Civ.P. 30(b)(6) Deposition to defense counsel but also failed to either request the Court to extend discovery or timely file the motion to compel. The Court again reiterates the importance of respecting the Court's deadlines.

After reviewing the parties' pleadings and the record before the Court, the Court orders as follows:

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Preserve Testimony of Dr. Jennifer Scheer by Videotaped Deposition (Docket No. 22) and Motion to Compel Production of Witness for Rule 30(b)(6) Deposition (Docket No. 23) are DENIED.

Dated this  13th   day of November, 2008

                                          /s/Terry I. Adelman
                                  UNITED STATES MAGISTRATE JUDGE